UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| RICHARD W QUEBODEAUX, § <br> TDCJ # 00653157, § <br> § <br> Plaintiff, § <br> VS. § <br> § <br> JERRY SANCHEZ, *et al*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 3:17-CV-0322 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Richard Wayne Quebodeaux, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed this lawsuit *pro se* in state court, alleging that TDCJ officials are liable for assaults against him by other inmates. Defendants Sanchez and Pharr removed to this Court (Dkt. 1) and filed a motion to dismiss (Dkt. 2). Plaintiff has filed a response (Dkt. 4) in which he objects to the removal, requests remand, and moves for appointment of counsel. Having reviewed the pleadings, the parties' briefing, all matters of record, and the applicable law, the Court concludes that it lacks subject matter jurisdiction and this case must be **remanded** to the 412th Judicial District Court of Brazoria County, Texas.

### I. BACKGROUND

Plaintiff filed this suit on September 20, 2017, in the 412th Judicial District Court of Brazoria County, Texas, Case Number 93418-I. His petition names five defendants: the State of Texas; Lorie Davis, Director of TDCJ; the "Office of the Inspector General or Internal Affairs Division" at TDCJ's Darrington Unit; Warden Jerry Sanchez; and

Major Kurtis Pharr. Plaintiff is incarcerated at the Clements Unit near Amarillo, but complains of events at the Darrington Unit in Brazoria County.

Plaintiff's petition states, "This is a personal injury lawsuit" (Dkt. 1-2, at 2). He alleges that Defendants assigned him to administrative segregation at the Darrington Unit where, given his former gang affiliation, he was assaulted by other inmates on April 29, 2017, and May 9, 2017, and suffered injuries that required medical treatment (Dkt. 1-2, at 4-5). Plaintiff claims that Defendants "have allowed officers of low standards, not trained properly, to op[]erate recklessly, inappropriately, with willful knowing deliberate indifference to my life and safety" (*id*. at 4). He requests relief including parole or full pardon; transfer to a different TDCJ unit; "full medical and dental in here and the world"; a "hypo diet and snack"; a "monetary settlement" credited to his TDCJ account; a radio and "all allotted appliances allowed to inmates"; and "full stores from commissary . . . every 90 days until parole" (*id*. at 7).

Defendants Sanchez and Pharr removed the case to this Court pursuant to 28 U.S.C. § 1441 (Dkt. 1). The notice of removal states that "it appears on the face of Plaintiff's complaint that this cause of action is brought under the United States Constitution," thus making original jurisdiction appropriate under 28 U.S.C. § 1331 (*id*. at 1-2). Defendants Sanchez and Pharr then filed a motion to dismiss (Dkt. 2), in which they argue that Plaintiff's allegations should be construed as a constitutional claim brought under 42 U.S.C. § 1983 and, more specifically, as a claim regarding conditions of imprisonment under the Eighth Amendment (Dkt. 2, at 7-8) (citing, *inter alia*, *Farmer v. Brennan*, 511 U.S. 825 (1994)).

Plaintiff has filed a response stating again that he intended to file a "personal injury lawsuit . . . with Director, Warden, Major etc., named as being responsible for their officers' wrongdoings, unpro[]fessional actions and out and out negligence" (Dkt. 4, at 1). He alleges that the defendants, as supervisors, are responsible for training the unnamed officers who were involved (*id*.). He maintains that the Defendants' removal was a "slick action to get out of the responsibility of their officers' wrongdoing" and that he, as the injured party, "wanted this to go through the state courts as a personal injury lawsuit first and then I planned to file a civil action for constitutional rights that were violated." (*id*. at 2). He protests Defendants' removal that "change[d] the course of [the] lawsuit" and requests a remand to state court (*id*.).

## II.   LEGAL STANDARDS

### A.   *Pro Se* Pleadings

"Pleadings must be construed so as to do justice." FED. R. CIV. P. 8(e). In reviewing the pleadings and litigation history, the Court is mindful of the fact that Plaintiff is a TDCJ inmate proceeding *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Id.* (citation omitted). Regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

### B. Removal Jurisdiction

Federal jurisdiction is limited, and federal courts have "only the authority endowed by the Constitution and that conferred by Congress." *Scarlott v. Nissan N. Am., Inc.,* 771 F.3d 883, 887 (5th Cir. 2014) (internal citation and quotation marks omitted). Any state court civil action over which the federal courts would have original jurisdiction may be removed by the defendant to federal court. *See* 28 U.S.C. § 1441(a); *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 228 (5th Cir. 2013). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

When federal jurisdiction is based on the existence of a federal question, *see* 28 U.S.C. § 1331, the federal question must appear on the face of the plaintiff's complaint. *Quinn v. Guerrero*, 863 F.3d 353, 358-59 (5th Cir. 2017). The plaintiff is the "master of the claim," and may choose to "confine his arguments to those arising under state law even if federal claims are available." *Id*. at 359 (internal citation and quotation marks omitted). If the plaintiff so chooses, there is no basis for federal jurisdiction. *Id.* Federal question jurisdiction cannot be established by anticipation of a federal defense. *Id.* (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328 (5th Cir. 2008)).

The removing party bears the burden of establishing that federal jurisdiction exists and that removal is otherwise proper. *Scarlott*, 771 F.3d at 887; *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).

### III. ANALYSIS

Defendants argue that this Court has federal question jurisdiction under 28 U.S.C. § 1331 because "it appears on the face of Plaintiff's claims that this cause of action is brought under the United States Constitution" (Dkt. 1, at 1-2). In their motion to dismiss (Dkt. 2, at 7-8), they construe Plaintiff's claims as Eighth Amendment claims that prison officials were "deliberately indifferent" to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Hinojosa v. Livingston*, 807 F.3d 657, 665 (5th Cir. 2015).

Plaintiff's response to the motion to dismiss objects to the removal and explicitly requests remand to the state court (Dkt. 4, at 2). He reiterates his intent to file a "personal injury lawsuit first and foremost" against Defendants for "being responsible for their officers wrongdoings, unpro[]fessional actions and out and out negligence" (Dkt. 4, at 1). *See* Dkt. 1-2, at 2 (petition states, ""This is a personal injury lawsuit"). Plaintiff also makes clear his continued desire to litigate state law claims:

> The [Defendants] had this moved to a civil action and are trying some type of slick action to get out of the responsibility of their officers' wrongdoing. I am the person who was injured, wronged, [etc.] . . . I wanted this to go through the state courts as a personal injury lawsuit first and then I planned to file a civil action for constitutional rights that were violated and are still being violated. Why ha[ve] the defendants been able to change the course of my lawsuit in the first place? I would like this put back into the state's

> courts to go through the motions of my personal injury lawsuit first and then I can file a civil action. How can the defendants change my lawsuit? I would like this remanded back to the 412th district [court] of Brazoria County to finish going through the state courts as a personal injury lawsuit.

(Dkt. 4, at 2).

Although an Eighth Amendment claim may be available to Plaintiff, he is the "master of the claim" and may choose to pursue only those claims arising under state law. *See Quinn*, 863 F.3d at 359. Plaintiff used the term "deliberate indifference" in his petition (Dkt. 1-2, at 4), a term used in Eighth Amendment jurisprudence, but did not invoke the Eighth Amendment or any federal law. He has stated unequivocally that he does not bring a constitutional claim in this lawsuit, and instead seeks to litigate only state law claims. To the extent that his use of the term "deliberate indifference" created ambiguity regarding the existence of a federal question, that ambiguity must be resolved in favor of remand. *See Mumfrey*, 719 F.3d at 397.

Given Plaintiff's choice to pursue only state law claims, there is no basis for federal jurisdiction, and remand is required. *See* 28 U.S.C. § 1447(c); *Quinn*, 863 F.3d at 359; *Scarlott*, 771 F.3d at 887.[1]

## IV.  CONCLUSION

For the reasons stated above the Court **ORDERS** that this case is **REMANDED** to the 412th Judicial District Court of Brazoria County, Texas. Defendants' motion to

---

[1] Defendants also have the burden to show that the removal was procedurally proper, *Scarlott*, 771 F.3d at 887, which includes compliance with 28 U.S.C. § 1446's requirement that all defendants who have been served join in the removal petition or consent within thirty days. *See Gillis v. Louisiana,* 294 F.3d 755, 759 (5th Cir. 2002). Given the holding above that this Court lacks subject matter jurisdiction, the Court does not address any potential procedural defects.

dismiss (Dkt. 2) and Plaintiff's motion for appointment of counsel (Dkt. 4) are **DENIED as moot**.

SIGNED at Galveston, Texas, this 6th day of September, 2018.

_____
George C. Hanks Jr.
United States District Judge